UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERLARD D. REMBERT

      Plaintiff,

v.                              CASE NO. 8:20-cv-10-T-60SPF

PINELLAS COUNTY FLORIDA,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff's Affidavit of Indigency (Doc. 2). The Court construes Plaintiff's affidavit as a motion for leave to proceed *in forma pauperis*. Plaintiff seeks a waiver of the filing fee for his complaint (Doc. 1), which alleges that the Sixth Judicial Circuit Court in and for Pinellas County, Florida "convicted Plaintiff while [when he was] incompetent to proceed proximately causing his 8th Amendment violation resulting in Plaintiff[']s unlawful confinement and cruel and unusual punishment from" February 16, 1995 to January 31, 2013. (Doc. 1-1 at 4). Plaintiff seeks compensatory and punitive damages awards in the sum of $85 million and the restoration of all civil rights. (*Id.* at 5).

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefore. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Accordingly, where a district court determines from the face of the

complaint that the factual allegations are clearly baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

As an initial matter, Plaintiff's suit is barred by the *Heck* doctrine. In *Heck v. Humphry*, 512 U.S. 477 (1994), the United States Supreme Court held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87. In other words, Plaintiff cannot bring a § 1983 action that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated. Because Plaintiff has not demonstrated that his conviction or sentence has been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus, his § 1983 action is barred.

Even if the *Heck* doctrine did not apply, the statute of limitations would bar Plaintiff's action. Constitutional claims brought under § 1983 are "subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 872 (11th Cir. 2017) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Florida has a four-year statute of limitations period for personal injury claims. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). The time period does not begin to run until the facts that would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his or her rights. *Mullinax v. McElhenney*, 817

F.2d 711, 716 (11th Cir. 1987).  Plaintiff asserts that the statute of limitations was tolled until he was released from prison on January 31, 2013.  (Doc. 1-3).  Even if that were true, Plaintiff did not file this lawsuit within four-years of his release.

Moreover, the Eleventh Amendment bars a suit against a state brought by a citizen of that state. *See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).  "The amendment applies even when a state is not named as a party of record, if for all practical purposes the action is against the state." *Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02, (1984)).  "This immunity from suit extends to 'arms of the State,' including state courts and state bar associations." *Kaimowitz v. Florida Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993); *see Jallali v. Fla.*, 404 F. App'x 455, 456 (11th Cir. 2010) (holding that the Fourth District Court of Appeal is protected by sovereign immunity); *Zabriskie v. Court Admin.*, 172 F. App'x 906, 908 (11th Cir. 2006) ("[U]nder Florida law, the judicial branch is a state agency. And the state court system—including employees of the circuit courts—is part of the judicial branch.").  While the case caption lists "Pinellas County Florida" as the sole defendant, Plaintiff clarifies in Section I.B. of the complaint that the defendant is "Pinellas County Florida 6th Judicial Circuit Court." (Doc. 1-1 at 2).  Because the Sixth Judicial Circuit Court is an arm of the State of Florida, it is entitled to Eleventh Amendment immunity from suit.

Accordingly, it is hereby

**RECOMMENDED:**

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Docs. 2) be **DENIED**;

2. Plaintiff's complaint (Doc. 1) be **DISMISSED**; and

3. The Clerk be directed to **TERMINATE** all pending motions.

**REPORTED** in Tampa, Florida, on January 3, 2020.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

cc:   Hon. Thomas P. Barber
      Plaintiff, *pro se*